UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL CARTER,                          :
    Plaintiff,                    :
                                        :
v.                                      :          3:20cv918 (KAD)
                                        :
WARDEN OF BRIDGEPORT                    :
CORRECTIONAL CENTER,                    :
CORRECTION OFFICER BALLARD,             :
CORRECTION OFFICER FOWLKES,             :
CORRECTION OFFICER MARTIN,              :
LIEUTENANT MACDONALD,                   :                                          :
    Defendants.                   :

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Daniel Carter, is a pretrial detainee[1] in the custody of the Connecticut

Department of Correction ("DOC"). He filed this civil rights action, *pro se* and *in forma*

*pauperis,* pursuant to 42 U.S.C. § 1983, alleging the use of excessive force in violation of his

Fourteenth Amendment rights against Warden Hines of Bridgeport Correctional Center

("BCC"), Correction Officer Fowlkes, Correction Officer Ballard, Correction Officer Martin,

and Lieutenant Macdonald. ECF No. 1. For relief, he seeks monetary damages. For the following

reasons, the Fourteenth Amendment excessive force claim may proceed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints

against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d
161, 164 (2d Cir. 2012). *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=393373.

relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**ALLEGATIONS**

The Court considers all of Carter's allegations to be true.

On the evening of January 31, 2020, Carter went to the Officer Station to get a pass to go to the medical unit. ECF No. 1 at ¶ 1. After he received his pass, he turned to leave but was punched and assaulted by another inmate. *Id.* at ¶ 2. After Carter fell down, Correction Officer Martin called the wrong code. *Id.* As Carter was standing up, Correction Officers Fowlkes and Ballard assaulted him, punching him in the face for no reason at all. *Id.* at ¶¶ 3-4. Carter was then handcuffed and taken to the medical unit to be seen prior to being placed in the Restrictive

Housing Unit ("RHU"). *Id.* at ¶ 5. As Carter was being seen by the nursing staff, Lieutenant

Macdonald reviewed the camera footage and then proceeded to see Carter in the medical unit,

where he removed Carter's cuffs and apologized to him for the misunderstanding. *Id.* at ¶¶ 6-7.

Carter was put into the hospital because he had a bruise on his head and his ribs were

"messed up." *Id.* at ¶ 7. Due to his head injury, Carter had to be monitored. *Id.* at ¶ 8. He was

given Tylenol and had to stay in the infirmary for five days. *Id.*

Since the incident, Carter has suffered from migraines, lower back pain, and post-

traumatic stress disorder. *Id.* at ¶ 9.

## DISCUSSION

Because Carter is a pretrial detainee, his claim is governed by the Fourteenth Amendment

Due Process Clause. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Gilliam v. Black*, No.

3:18cv1740 (SRU), 2019 WL 3716545, at *7 (D. Conn. Aug. 7, 2019) (construing conditions of

confinement claim of convicted—but not sentenced plaintiff—under the Fourteenth rather than

Eighth Amendment.). In order to state an excessive force claim under the Fourteenth

Amendment, Carter "'must show … that the force purposely or knowingly used against him was

objectively unreasonable.'" *Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2018 WL

4604306, at *10 (D. Conn. Sept. 25, 2018) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466,

2473 (2015)). "'[O]bjective reasonableness turns on the facts and circumstances of each

particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473). In *Kingsley*, the United States

Supreme Court identified several relevant factors a court may consider in determining the

reasonableness or unreasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used;
> the extent of the plaintiff's injury; any effort made by the officer to temper or to

limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. The determination is made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id.* Officers are liable not only when they use excessive force themselves, but also when they fail to intervene to stop the excessive use of force by another officer when in a position to observe the conduct and with time to intervene. *See Sloley v. VanBramer*, 945 F.3d 30, 46-47 (2d Cir. 2019).

Here, Carter's allegations that he sustained serious injuries requiring hospitalization after being punched repeatedly by Officers Fowlkes and Ballard for no reason are sufficient to plausibly allege a Fourteenth Amendment claim against these defendants for the use of excessive force.[2]

Because Carter's allegations suggest that after Officer Martin called the wrong code but failed thereafter to prevent Officers Fowlkes and Ballard from assaulting Carter, Carter's allegations suggest that Officer Martin had the opportunity but failed to intervene to prevent the alleged misuse of force. Accordingly, the Court will permit a Fourteenth Amendment failure to intervene claim to proceed against Officer Martin.

---

[2] Carter's complaint might also be construed as alleging civil assault against these defendants though he only specifically identifies his claim as being brought pursuant to the Fourteenth Amendment. In Connecticut, a civil assault is defined as "the intentional causing of imminent apprehension of harmful or offensive contact with another." *German v. Dzurenda*, No. 3:09-cv-1316 (SRU), 2011 WL 1214435, at *22 (D. Conn. Mar. 28, 2011). "[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id.* (quoting *Alteiri v. Colasso*, 168 Conn. 329, 334, n.3 (1975)). Whatever Carter's intention, the court does not address the viability of any purported state law claims in this initial review.

However, Carter has not stated a plausible Fourteenth Amendment claim against Lieutenant Macdonald or Warden Hines because he has not alleged that either defendant had any involvement in the constitutional deprivation, a prerequisite to any claim. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (a defendant's personal involvement in an alleged constitutional violation is a prerequisite to hold a defendant liable for an award of damages under § 1983). A plaintiff cannot sue a defendant for damages solely because of his supervisory position. *See Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). He may only recover damages against a supervisory official by showing that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a under which unconstitutional practices occurred; (4) the official was grossly negligent report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). In addition to satisfying one of these requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation. *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014); *see also Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) (plaintiff must show "an affirmative causal link" between the supervisor's involvement and the constitutional injury.).

Here, Carter has alleged only that after Lieutenant Macdonald reviewed the camera footage after the assault, he proceeded to the medical unit to see Carter; released Carter's cuffs;

and apologized for the wrongful conduct. *See id.* at ¶¶ 6-7. He has not alleged that Lieutenant

MacDonald knew at the time or in advance that the officers would use excessive force on Carter

and failed to take steps to prevent such use. Notice after the fact of an isolated incident is

insufficient to establish supervisory liability. *Andrews v. Gates*, No. 3:17-CV-1233 (SRU), 2019

WL 2930063, at *8 (D. Conn. July 8, 2019) (citing cases). Accordingly, the claim against

Lieutenant MacDonald is dismissed.   Likewise, the claim against Warden Hines is dismissed.

Carter does not allege that Warden Hines had any involvement in the alleged Fourteenth

Amendment violation.

### ORDERS

The Court enters the following orders:

(1) The case shall proceed on Carter's claim of Fourteenth Amendment violation based

on excessive force (or failure to intervene) against Correction Officers Ballard, Fowlkes, and

Martin in their individual capacities for damages. All other claims are DISMISSED without

prejudice.

(2) The clerk shall verify the current work addresses for Correction Officer Ballard,

Correction Officer Fowlkes, and Correction Officer Martin (who are alleged to work at

Bridgeport Correctional Center) with the DOC Office of Legal Affairs, mail a waiver of service

of process request packet containing the complaint to them at their confirmed addresses on or

before **September 18, 2020**, and report on the status of the waiver request on the **thirty-fifth

(35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make

arrangements for in-person individual capacity service by the U.S. Marshals Service on that

defendant, and that defendant shall be required to pay the costs of such service in accordance

with Federal Rule of Civil Procedure 4(d).

 (3) The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

 (4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

 (5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed on or before **February 28, 2021**. Discovery requests need not be filed with the Court.

 (6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

 (7) All motions for summary judgment shall be filed on or before **March 28, 2021**.

 (8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

 (9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. **Failure to do so can result in the dismissal of the case.** The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has

more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 28th day of August 2020 at Bridgeport, Connecticut.

__/s/_____
Kari A. Dooley
United States District Judge